Joseph Lief, J.
In .an action for divorce plaintiff wife has made two applications for orders directing defendant to vacate the marital home; to provide support and maintenance for her and the issue of the marriage; and to restrain him from removing furnishings, furniture and personal property from the residence.
When the motions were originally submitted .on April 30 last, we discovered that an application which had been made to the Family Court, Suffolk County, for an order of protection was being sent to the court in Nassau County for determination. An inquiry to the Nassau County Family Court confirmed that information. Since the motions concerned “ relief associated with the Family Court proceeding ”, we referred them to that court for hearing and determination. Then the applications were referred back to the Family Court in Suffolk County. On June 9,1971, a Judge of that court, after a discussion with counsel, returned the matter to us for determination. We have received and carefully reviewed the transcript of the remarks made on that occasion. The Judge said: ‘ ‘ that what Mr. Justice Life wants this court to do is to determine everything but the fact that the divorce is granted ”; “ this is nothing but an examination before trial of a Supreme Court action. If Mr. Justice Life is sitting in Part V, let Mr. Justice Life determine the matrimonial action. ’ ’ In referring these motions to the Family Court we were not asking that court to grant a divorce or to determine the merits of the matrimonial action. It was designed to facilitate the matter by permitting determination at one time and by one Judge of all associated relief. Surely, if the F'amily Court granted an order of protection it would render moot the request for exclusive occupancy and that determination would in turn affect the allowance for support.
Referral of these motions was not made without authority nor was it intended to enlarge the Family Court’s jurisdiction. That court has original jurisdiction over support proceedings (Family Ct. Act, § 115, subd. [a], par. [ii]; § 411) and the applications for support and custody in matrimonial actions referred to it by this court (Family Ct. Act, § 115, subd. [b]). The Family *881 Court Act, recognizing the obvious, i.e., that a husband is chargeable with the support of his wife (Family Ct. Act, § 412) and a father is obligated to support Ms children (Family Ct. Act, § 413), authorized the Family Court to reqMre Mm to provide for their support as that court might determine (Family Ct. Act, §§ 442, 443). Furthermore, the Family Court may make an allowance for counsel fees in proceedings seeking support for the wife and children (Family Ct. Act, § 438). In actions for divorce, separation or annulment, the Supreme Court on its own motion may refer to the Family Court applications for temporary support (Family Ct. Act, § 461, subd. [c]; § 464, subd. [a]) or temporary or permanent custody (Family Ct. Act, §§ 467, 652).
In orders of protection the court may provide not only that a person stay away from the home, spouse or child, it may also permit a parent to visit the child and require proper attention to the care of the home (Family Ct. Act, §§ 446, 842). The Family Court also has jurisdiction over any proceeding concerning acts wMch would constitute disorderly conduct, etc., between spouses or between parent and child (Family Ct. Act, § 812).
Therefore, when these motions were referred to the Family Court, there was ample authority for that court to act. Were the Family Court to refuse to decide these issues because they would touch upon matters to be heard in the matrimonial actions, the sections cited would have failed to serve the Legislature’s purpose. It is common knowledge that there is a continuing discussion that all matters touching on family relationships properly belong in the Family Court so that divided jurisdiction would be avoided.
Plaintiff seeks an order giving her exclusive possession of the marital home and restraining the defendant from removing property therefrom. It was indicated, in the transcript of the testimony before the Suffolk County Family Court Judge that an order of protection would be granted directing him ‘1 to stay away from the house * * * until he wants to pick up Ms files.”
Weiiave just received a copy of the order of the court wMch contains the direction that “THE RESPONDENT SHALL REMAIN AWAY FROM THE PETITIONER AT ALL TIMES UNTIL FURTHER ORDER OF THIS COURT”. TMs raises some question as to how the defendant (the respondent in the Family Court) will obtain Ms files and visit with his children. However, the Family Court order must be observed. *882 Since the Family Court order in effect gives the wife exclusive possession of the marital home her request for relief in that regard is denied.
The affidavit submitted by the defendant states that he has been paying the plaintiff at the rate of $50 to $60 per week for the support of herself and the children though she avers that the payments are more like $10 to $60. She has an income and cash assets which may exceed his. On condition that the husband shall continue to support his wife and sons by paying her no less than $50 per week and the carrying charges on the marital residence, including the mortgage payments of interest, amortization, taxes, and the fuel and utility bills except for telephone service, her request for temporary alimony and support is denied. The defendant’s payments shall be made regularly on Friday of each week by check or money order mailed to the plaintiff at the marital home.
The order to be settled in conformity with this decision should afford an opportunity to the defendant to visit with his sons but away from the marital residence. We are mindful of the Family Court order which requires that he shall remain away from the petitioner. This presents some difficulty which we think can be overcome by providing that on every 'occasion for visitation the boys shall be delivered to the defendant either outside the marital home or at his place of abode.
It is of course most desirable that the parties should agree on the provisions for visitation. In the event that they are unable to do so, then each of them should submit a memorandum of their wishes in the matter and the court will fix the same in the order.